PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* HAGGERTY.

1. PUBLIC OFFICERS—TERM—RECESS APPOINTMENT — GOVERNOR —
   STATUTES—APPROVAL OF SENATE.
   Under section 2081, 1 Comp. Laws, providing that vacancies in
   the board of control of the State prison at Jackson shall be
   filled by the governor for the remainder of the term with the
   consent of the Senate, and if it is not in session the appoint-
   ment shall continue until the next regular session of the sen-
   ate, respondent, who was appointed to fill a vacancy caused
   by death after the adjournment of the legislature and con-
   firmed by the senate at its next regular session, after a new gov-
   ernor had been elected and had qualified, was not entitled
   thereafter to continue in office to which he was appointed
   for the remainder of his predecessor's term; his title *ipso
   facto* ceased when the senate convened.

2. STATUTES—CONSTRUCTION.
   An unambiguous statute is not governed by the rule of con-
   struction arising out of the practical usage and interpreta-
   tion of State officials.

Information in the nature of quo warranto by the people
of the State of Michigan on the relation of Franz C. Kuhn,
attorney general, against John S. Haggerty to try respond-
ent's title to the office of member of the board of control of the
State prison. Submitted December 12, 1911. (Calendar
No. 24,821.) Decided December 20, 1911; judgment of
ouster rendered.

*Franz C. Kuhn,* Attorney General (*George S. Law,*
of counsel ), for relator.

*Alex J. Groesbeck,* for respondent.

McALVAY, J. To an information in the nature of a
quo warranto, filed in this court according to law by the
attorney general against the respondent, to answer to the
people by what warrant he held the office of a member of
the board of control of the State prison at Jackson, a plea

was entered of justification and right under an appointment by the then governor of the State of Michigan, December 20, 1910, to fill a vacancy, upon which appointment a commission issued to him on that date; that he at once took and filed his oath of office and entered upon its duties, and so continued until January 12, 1911, when his said appointment was confirmed by the State senate. To the sufficiency of this plea a demurrer was interposed by the attorney general on the ground that under the law such appointment of respondent, having been made when the State senate was not in session, had terminated, *ipso facto*, when the senate convened in regular session on January 4, 1911. Issue was joined upon this demurrer, and in that form the case is before us for determination.

The facts are not in dispute. The appointment was made to fill a vacancy caused by the death of a member of said board whose term of office would not have expired until February 15, 1915. Respondent was appointed by Hon. Fred M. Warner, governor of Michigan, on December 20, 1910, and his commission was at once issued to him for the full unexpired term of his predecessor. Thereupon he qualified and entered upon the exercise of the duties of his office. The appointment was a recess appointment. The State senate was not in session. The term of office of Hon. Fred M. Warner, then governor of this State, who made this appointment, expired December 31, 1910. The term of office of Hon. Chase S. Osborn, his successor as governor, began on January 1, 1911. The new State senate, as provided by the State Constitution, convened in regular session January 4, 1911. On January 10th following, this appointment of respondent was submitted to the State senate by the former governor Fred M. Warner for confirmation. It is conceded that the only question in the case is the construction of the following portion of section 2081, 1 Comp. Laws:

"Whenever a vacancy occurs in either of such boards, otherwise than by the expiration of a term, such vacancy shall be filled by the governor for the remainder of the

term, by and with the advice of the senate, if in session. If the senate is not in session, the appointment shall continue until the next regular session of the senate."

Relator contends that this appointment, having been made when the senate was not in session, continued until the next regular session of the senate, and no longer. The contention of the respondent is that, under this statute, this recess appointment made by the outgoing governor, being specifically for the remainder of the term, after the expiration of the governor's term of office, might be presented by him to the next regular session of the senate for its confirmation.

An examination of the statute shows that the legislature intended to and did provide for two classes of appointments to fill vacancies in these boards: (*a*) Appointments made during sessions of the senate. (*b*) Appointments made when the senate is not in session. The power and authority to make all appointments to fill such vacancies was given to the governor of the State to be exercised by him as provided by this statute, and not otherwise. In the first class, he is required to fill the vacancy "for the remainder of the term, by and with the advice of the senate." There can arise no controversy upon the construction of this provision. It is clear and specific, unambiguous and complete. It fixes the length of the term of office for which the appointment must be made, and requires a confirmation by the senate. The legislature next proceeded to provide for filling vacancies of the second class, when the senate was not in session, which are commonly called "recess appointments." The language used is:

"If the senate is not in session, the appointment shall continue until the next regular session of the senate."

This sentence contains no provision that the vacancy shall be filled for the full term, or a requirement of confirmation by the senate. It, however, does declare explicitly how long the appointment shall continue. The date of its termination is not indefinite. The date of convening

regular sessions of the senate is fixed by the State Constitution.

It is claimed by counsel for respondent that, to construe this provision, "shall continue until the next regular session of the senate," as declaring the length of term of the appointee, it is necessary to read into the statute the words "only" or "and no longer." The language of the legislature does not appear to be obscure. The meaning of the word "continue" is too well known to require definition. The statute declares that the appointment shall continue until a certain fixed time, yet the contention is that it shall be construed to continue for a longer time. In order to give the construction claimed by respondent, it will be necessary to construe the statute as reading: "If the senate is not in session, the appointment shall continue until the next regular session of the senate, *when it shall be transmitted to the senate by the governor who made it for its advice and consent."* If it were necessary to add the words "only" or "and no longer" to the statute to agree with relator's construction, which of the two required additions is the simpler or more reasonable?

Counsel for respondent can see no purpose for a provision that the appointment should "continue until the next regular session of the senate" unless it was intended to be submitted to the senate for confirmation. An obvious purpose would be to provide that it continue during the entire recess of the senate. Another more obvious purpose would be to comply with the earlier provision of the act requiring the governor to present these appointments to the senate for confirmation. The term of office of the governor of this State expires December 31st, before the regular sessions of the senate, which, by constitutional provision, occur on the first Wednesday of the January following. A governor who does not succeed himself, as far as the exercise of the duties and authority of that office are concerned, becomes a private citizen after his term expires. On January 10, 1911, when this appointment was submitted to the senate, by a message

for confirmation, Governor Osborn had qualified and entered upon the exercise of the duties of that office. The former governor who made this appointment was officially dead. No act of the legislature could extend the authority of a governor beyond the term of the office for which he had been elected as provided by the Constitution, nor can any presumption arise that such was the legislative intent.

Further, it appears from the Senate Journal of January 10, 1911, to which reference has been made by counsel, that " the following message from former Governor Fred M. Warner was received and read." This message submitted the name of respondent and 32 other recess appointees for confirmation. This journal shows that at the same time " the following message from the governor was received and read." This message from Governor Osborn in his official capacity submitted to the senate 22 names of nominations of appointees for confirmation, some of them for the same offices and for the same terms for which appointees had been named in the message of " former Governor Fred M. Warner." A construction from which such a condition inevitably follows, with all the resulting complications attendant upon it, cannot be held to have been within the legislative intent in enacting this law.

Respondent has invoked the principle of contemporaneous practical construction of this statute by the executive and legislative departments, in support of his right to hold this office during the unexpired term. An examination of all the cases referred to shows that but two of them are similar to the instant case. The others were all instances where the governor making the appointments was his own successor to that office, and submitted such appointments to the senate as governor, and cannot be invoked as applicable to this case. This principle has no application even if the contemporaneous construction was established, for the reason that this statute is not ambiguous. Lewis, Sutherland, Stat. Const. § 474. Our construction of this provision of the statute, as to the length

of the term of appointees made under it to fill vacancies occurring when the senate is not in session, can be stated in no simpler or plainer terms than the words used by the legislature, namely, "the appointment shall continue until the next regular session of the senate." Respondent's title to this office, *ipso facto,* ceased when the senate of 1911 convened. The subsequent action of the senate upon this appointment was therefore of no force or effect.

It follows that the demurrer of relator to respondent's plea is sustained, and a judgment of ouster will be entered.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.