## PHILLIPS *v.* ATTORNEY GENERAL.

MANDAMUS—QUO WARRANTO—ATTORNEY GENERAL — DISCRETION TO SIGN INFORMATION.

Since the attorney general, in the exercise of a proper discretion, may refuse to sign an information in the nature of a quo warranto to test title to office of an officer of the State, he will not be compelled by writ of mandamus so to do in a cause which has been practically decided since his refusal, by an opinion of the court in another cause deciding the legal question involved in relator's case against the contention of relator.

Mandamus by Edward A. Phillips against Franz C. Kuhn, attorney general, to require respondent to sign an information in the nature a quo warranto and authorize the filing thereof for the purpose of determining relator's title to office as member of the board of control of the Michigan reformatory at Ionia. Submitted December 12, 1911. (Calendar No. 24,821.) Writ denied December 20, 1911.

*Roy E. Brownell* (*Farley & Selby*, of counsel), for relator.

*Franz C. Kuhn*, Attorney General (*George S. Law*, of counsel), *in pro. per.*

McALVAY, J.   The principal question in this case involves the construction of section 2081, 1 Comp. Laws, and has been passed upon in the case of *People, ex rel. Attorney General*, v. *Haggerty, ante*, 682 (133 N. W. 828), and that case is therefore controlling and decisive of this one. These cases were under consideration by the attorney general during the same period, upon inquiries from the governor relative to these recess appointments, and he officially had advised the executive department contrary to the contention of relator in the instant case prior to the appointment of Mr. Parker, whose title to office relator attacks.   When requested by relator to sign an information in the nature of a quo warranto to test the title of Mr. Parker to the office of member of the board of control of the Michigan reformatory, to which he had been appointed by Governor Osborn, respondent attorney general refused because he could not consistently do so, for the reason above stated.   Upon the application of relator, this court issued an order to show cause why the attorney general should not comply with such request.   The briefs of both parties discuss the real merits of the controversy relative to the title to this office and give but little attention to the question of the right of the respondent to refuse the request of relator, presumably upon the theory that the case would turn upon the construction of the statute.

This court has recognized that cases arise where the attorney general may, in the exercise of a proper discretion, decline to institute quo warranto proceedings.   In the instant case, the contention of relator upon the construction of this statute having been adversely decided, the court declines to issue the writ.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.