GALLOWAY *v.* ROAD IMPROVEMENT DISTRICT No. 4 OF PRAIRIE COUNTY.

Opinion delivered April 12, 1920.

HIGHWAYS—AUTHORITY OF ROAD IMPROVEMENT DISTRICT TO LEASE IMPLEMENTS.—A road improvement district formed under Acts 1915, No. 338, which authorizes the purchase of material and implements when the work is done by the commissioners, was authorized to lease road-building machinery, as the power to "purchase" included the lesser power to lease or to accept as a donation.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; reversed.

*R. J. Williams* and *M. B. Norfleet, Jr.,* for appellant.

1. Kirby & Castle's Digest, § 9151, gave appellees the right to contract with appellant for the *hire* of road implements or outfits, as well as the right to purchase same; the doctrine of *ultra vires* can not be raised, and if the specific power was not granted to *purchase* or *hire,* appellees impliedly were granted power to make the contract. The demurrer admits the facts pleaded. K. & C. Dig., §§ 1914, 1916; 61 Ark. 397; 47 *Id.* 269. If appellees had the right to purchase, they had the right to hire. 10 Wall. 676; 9 Neb. 916; 56 Miss. 518; 73 N. Y. 238; 61 Ark. 379.

2. The contract was an executed one and appellant carried out all the provisions of same, and appellees are estopped to question the validity of the contract. 19 R. C. L., p. 1065, § 352; 6 Dak. 346; 5 L. R. A. 752; 127 Mo. 627; 30 S. W. 190; 132 Ala. 249; 31 So. 87; 6 L. R. A. 318.

3. Even if the contract is invalid appellees are estopped. 19 R. C. L. 1065, § 352; 71 Ohio St. 428; 73 N. E. 515. The contract being otherwise fair and lawful

and both parties having performed their part the plea
of *ultra vires* can not avail. 47 Ark. 284. The demurrer
should have been overruled. *Supra.* The law does not
prohibit the leasing or hiring of outfits for road build-
ing and the power to lease or hire follows the right to
purchase.

*S. Brundidge, Emmet Vaughan, Roy D. Campbell*
and *John F. Clifford,* for appellees.

Under the Alexander Road Law an improvement dis-
trict is not authorized to lease or hire a road outfit.
Estoppel does not apply here. 93 Ark. 495-6; 82 *Id.* 531.
The word "purchase" can not be construed to mean
"rent" or "lease." 87 Ark. 404; 5 *Id.* 536-541; 97 *Id.* 38;
102 *Id.* 205; 28 *Id.* 200; 75 *Id.* 542; 74 *Id.* 302; 46 *Id.* 151;
36 *Id.* 331. The act must be strictly construed and the
board could only exercise the powers expressly granted.
79 Ark. 229; 93 *Id.* 495; 71 *Id.* 561; Sutherland on Stat.
Const., pars. 326, 399, 454-8; 31 Ark. 334.

McCULLOCH, C. J. Road Improvement District No.
4 of Prairie County was formed under Act No. 338 of
the session of 1915, for the purpose of improving a cer-
tain road in Prairie County, and its co-appellees are the
commissioners of said district.

This action was instituted below by appellant against
the road improvement district and the commissioners
thereof, to recover damages alleged to have accrued from
a breach of contract between the parties, whereby ap-
pellant leased to the improvement district an outfit or
equipment for the construction of highways. The sub-
stance of the contract is set forth at large in the com-
plaint and the writing itself is exhibited. From the re-
citals of the complaint it appears that appellant was the
owner of a certain outfit used in the construction of high-
ways, and that he entered into a written contract with
the road improvement district whereby he leased the out-
fit to the district for a certain time at a stipulated
monthly rental price, there being an express provision
in the contract to the effect that at the end of the term

the district should surrender and redeliver the leased property to appellant in good condition, except such depreciation as might result from ordinary wear. It is alleged that the district has failed to comply with the contract in this respect and that injury to appellant has resulted in the sum of $4,139.25, by reason of such failure to comply with the contract.

There was a demurrer to the complaint, which the court sustained on the ground that an improvement district formed under the general statute mentioned above is not authorized to purchase implements or other equipments to be used in the construction of highways. At least the ruling of the court is defended here on that ground.

Reliance is placed on the peculiar language of the statute (section 31, Act 338, 1915), which provides that the board of commissioners "may, if deemed to the best interest of the district, purchase material and implements necessary to carry on the work of the improvement." It is argued that this confers authority only to purchase and not to lease implements and other things essential to the construction of roads. This is a very narrow interpretation of the language of the statute when considered in the light of the manifest purpose of the lawmakers in conferring this power.

Section 30 of the statute provides that the construction work may be done under contract, but section 31, from which the above quotation is made, provides for an alternative system whereby the work is to be done under the direction of the commissioners themselves without letting a contract. The purpose was to authorize the commissioners, under this alternative system, to purchase material and to procure necessary equipments in the way of tools and other appliances, and to have the work done through its own selected agents. There is no reason to believe that the framers of the statute meant to restrict the procurement of implements to a purchase. Of course, the word "purchase" is essentially applicable to the procurement of material, for that, when used, becomes a part

of the roadbed, but implements and other equipment, the identity of which is not lost in the work of construction, may be procured in other ways than by purchase. The power obviously conferred was to procure the implements, and the word ''purchase'' was used as a mere direction as to the means of exercising the power. The authority to purchase, being the greater of the powers to be exercised, necessarily included the lesser power to lease or to accept as a donation.

Our conclusion is, therefore, that the court erred in its interpretation of the statute and in sustaining the demurrer to the complaint.

Reversed and remanded with directions to overrule the demurrer and for further proceedings.