JOHANNES HOKKE ET AL., PROSECUTORS, v. COUNTY OF PASSAIC AND GEORGE W. BROOKS, RESPONDENTS.

Submitted November 6, 1924—Decided February 26, 1925.

County Improvements—Highway—Contract Illegal Because Survey was Not Made, Plans and Specifications Had Not Been Prepared, and Material to be Used Had Not Been Designated —Procedure to be Employed is Set Out in County Act— Proceedings Not in Conformity Therewith and Set Aside.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *J. Emil Walscheid*.

For the respondent county of Passaic, *Fred W. Van Blarcom*.

For the respondent George W. Brooks, *William B. Gourley* and *William H. Young*.

PER CURIAM.

This writ brings before us, for review, the proceedings of the board of chosen freeholders of the county of Passaic, for the improvement of Seventeenth avenue, a county road, in the city of Paterson, and also the award of the contract for such work to the respondent George W. Brooks.

Three reasons are urged against the proceedings and award: Numbers one and two being directed to alleged irregularities in the bidding and award, and number three being directed to the alleged irregularity and illegality of the proceedings of the board of chosen freeholders in providing for the making of the improvement.

Point 1 is: The award of contract is illegal because the proposal upon which it is based was not accompanied by a

certificate by·a surety company, or a certificate signed by an individual or individuals which the bidder proposed to furnish as surety, stating that such surety company, individual or individuals, would provide the bidder with a bond in the sum required by the specifications and in the form required by law and the said specifications, and because the bid of the defendant Brooks was not based upon the standards by which the proposals of the various bidders were to be tested by the board of chosen freeholders.

Point 2 is: The award of contract is illegal because the defendant Brooks fraudulently induced the board of chosen freeholders to make the award by fraudulently certifying to said board, with the proposal made by him, that he owned and controlled all the necessary equipment required by the plans and specifications for the making of the improvement.

Whether the matters referred to by these reasons are mere unimportant technical informalities in nowise interfering with or destroying competitive bidding or whether they did interfere with or destroy such bidding we need not pass upon because the third point or reason goes to a matter which requires a disposition of the cause adverse to respondents.

· That reason is: The award of contract is illegal because the board of chosen freeholders did not cause a survey of Seventeenth avenue to be made, did not cause plans and specifications of the work to be done on the same to be prepared, did not designate the kind of material to be used in the improvement to be made or adopt plans and specifications therefor.

The legislative authority and method of procedure is to be found in an act entitled, "An act concerning counties." *Pamph. L.* 1918, *p.* 567, *ch.* 185.

Section 1121 (at *p.* 594) provides: "Before any board of chosen freeholders shall commence the improvement or repair of any road, the said board shall cause a survey of said road to be made, and plans and specifications of the work to be done on the same shall be prepared. This section shall not apply where ordinary or minor repairs are to be made."

Section 1122: "The board of chosen freeholders of any county contemplating the improvement of a road shall designate the kind of material to be used, adopt plans and specifications therefor, advertise for proposals for doing the work of making such improvement under the plans and specifications adopted and with the material so designated."

The board of chosen freeholders of the county of Passaic never took any formal action in accordance with the requirements of the foregoing sections of the statute other than to award the contract to respondent Brooks. All the steps leading up to and including the receipt of the bids were taken by the county engineer by and through informal action, direction and authority of the road committee, which committee consisted of seven members, being the entire membership of the board of freeholders.

The powers and duties of this committee are fixed and laid down by the by-laws of the board, as follows:

"Section 7. Committee on Roads: The committee on roads shall attend to all work on the county roads and see that all repairs on the same are done according to contract or otherwise, and shall attend to all repairs and alterations necessary on the same, and shall approve all bills or claims for road work and materials, and shall report to the board from time to time the condition of the several roads. All improvements of public or county roads shall be done under the direction of the committee, and shall be done under the charge of the road supervisor or such other person or persons as may be appointed by the board for such purpose; and he, as well as the committee, shall certify all bills for materials furnished or labor performed under contract or otherwise, as the case may be, on such public or county roads."

The informality and lack of action on the part of the board of freeholders is not denied, but the respondents contend that the prosecutor, Union Building and Construction Company, is estopped from urging it because it has received and entered into many contracts for a period of sixteen years past, where this identical practice was pursued, and had it

been the successful bidder in the present instance it would have accepted the award of the contract and would not have questioned the procedure complained of.

We are unable to agree therewith. Furthermore, Johannes Hokke and wife, co-prosecutors, are taxpayers of the county of Passaic, and while the *bona fides* of their participation in the proceeding is questioned by respondents, yet the motive actuating them does not preclude them from contesting the legality of the proceedings.

It may be an attack, more or less technical in its nature, yet it goes to a matter of fundamental law and public policy.

The entire right and authority to undertake the improvement in question is derived solely through and by the statute above referred to.

By such statute the legislature has fixed and designated the board of freeholders as the body in which the authority is reposed. Such body must, and no other can, therefore, act in the premises, and that such action must be formal and at properly constituted meetings of such body requires no citation of authority to support.

The proceedings in question, lacking the necessary and proper action by the board of freeholders, are therefore illegal and must be set aside, and as the award of and the contract in question are based thereon they also must be set aside.

Both the proceedings and the contract are therefore set aside, with costs.