## WAYNE COUNTY BOARD OF ROAD COMMISSIONERS *v.* WAYNE COUNTY CLERK.

1. STATUTES—CONSTRUCTION.
   There is no room for construction of statute where there is no ambiguity.

2. SAME—LEGISLATIVE INTENT.
   The primary rule governing the interpretation of a statute is to ascertain and give effect to the intention of the legislature.

3. SAME—WHEN INTERPRETATION IS UNNECESSARY.
   If the language employed in a statute is plain, certain, and unambiguous, a bare reading suffices and no interpretation is necessary.

4. SAME—CONSTRUCTION OF A PARTICULAR WORD.
   To the end that effect be given if possible to every word, sentence and section of a statute, the entire act must be read and the interpretation to be given to a particular word in one section must be arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.

5. SAME—PRACTICAL CONSTRUCTION.
   Practical construction will not be permitted to modify or destroy the plain meaning of a statute.

6. SAME—CONSTRUCTION AS OF TIME OF ENACTMENT.
   The construction of a statute must be made in the light of circumstances existing at the date of its enactment, not in the light of subsequent developments.

7. SAME—INTENT—MODIFICATION OF LANGUAGE.
   Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it which modifies the meaning of the words and even the structure of the sentence

by giving an unusual meaning to particular words, by altering their collocation, by rejecting them altogether, or by interpolating other words under the influence of an irresistible conviction that the legislature could not possibly have intended what its words signify and that the modifications thus made are mere corrections of careless language and really give the true intention of the legislature which is plainly perceivable or ascertainable with reasonable certainty.

8. COUNTIES—CLERKS—BOARD OF COUNTY ROAD COMMISSIONERS— HIRING OF EMPLOYEES.

Except for proviso of a section of the county road law authorizing the county clerk to appoint one deputy clerk to be paid by the board of county road commissioners, the county clerk who is clerk of the board has no express authority under such law to hire any employees for the county road system, no provision is made therein for payment of any employees hired by him, nor has he inherent or implied powers in connection with the county road system (1 Comp. Laws 1929, § 3984).

9. SAME—CLERKS—BOARD OF COUNTY ROAD COMMISSIONERS—ACCOUNTS—ATTENDANCE AT MEETINGS.

The board of county road commissioners, not the county clerk, is made responsible for the keeping of accurate accounts relative to the county road system and for the filing of the required statement with the board of supervisors although the county clerk must attend and keep a record of matters presented to and acted upon at the meetings of the board (1 Comp. Laws 1929, § 4000).

10. SAME—CLERK—BOARD OF COUNTY ROAD COMMISSIONERS—BOARD OF COUNTY PARK TRUSTEES.

In county operating under the county road system the county clerk must perform the same services in connection with the board of county road commissioners with respect to its functions as the board of county park trustees as he does with any other part of its work, since the statute contemplates that in such counties the board takes over the powers and duties of the board of county park trustees which thereupon ceases to exist as such (1 Comp. Laws 1929, §§ 2398, 3984).

11. SAME—BOARD OF COUNTY ROAD COMMISSIONERS—BOARD OF COUNTY PARK TRUSTEES—TITLE TO PROPERTY.

In a county operating under the county road system the board of county road commissioners takes the place and exercises

the powers and duties of the board of county park trustees, hence title to property should be taken in the name of the board of road commissioners and not in the name of a non-existing board (1 Comp. Laws 1929, § 2398).

12. HIGHWAYS AND STREETS—ROAD WORK OVER $500—REJECTION OF CONTRACTS—FILING IN COUNTY CLERK'S OFFICE.

In case the board of county road commissioners shall decide to do certain road work involving the expenditure of an amount greater than $500 by day labor, the plans and specifications, together with all bids received thereon and the reason, in writing, for not letting the job by contract, shall be filed in the office of the county clerk (1 Comp. Laws 1929, § 3994).

13. COSTS—PUBLIC QUESTION—COUNTY OFFICERS—STATUTES.

In suit for declarations of rights under statutes relating to county clerk, board of county road commissioners and other county officers, no costs are allowed, a public question being involved (1 Comp. Laws 1929, §§ 2398, 3984, 3994, 4000).

Appeal from Wayne; Webster (Arthur J.), Moynihan (Joseph A.), and Taylor (Mark D.), JJ., presiding. Submitted January 4, 1940. (Docket No. 76, Calendar No. 40,944.) Decided April 19, 1940.

Petition by Board of County Road Commissioners of Wayne County against Caspar J. Lingeman, Clerk of Wayne County, and others for declaratory judgment on the duties of the parties relating to hiring of employees of plaintiff and for writ of mandamus requiring the Board of County Auditors to pay certain employees of plaintiff. Cross bill by defendant Lingeman against plaintiff and George T. Gundry, Auditor General, for declaration of rights relating to the employment of help and keeping of accounts. Judgment for plaintiff. Defendant Lingeman appeals. Modified and affirmed.

*Waldo C. Granse* (*Louis H. Fead* and *John C. Jacoby,* of counsel), for plaintiff.

*Wm. Henry Gallagher,* for defendant clerk.

Sharpe, J. A dispute having arisen between the county clerk and the board of county road commissioners of Wayne county over the right of the county clerk to have control of all employees engaged in the keeping of the records of the county road system, the board of county road commissioners filed a petition for writ of mandamus and declaration of rights against the clerk, the prosecuting attorney and the board of auditors of Wayne county. All defendants filed answers and the county clerk filed a cross-petition for declaration of rights in which he petitioned to make the auditor general of the State of Michigan a defendant and sought a ruling as to the duties of the county clerk with respect to the board of county road commissioners under 1 Comp. Laws 1929, § 3984 (Stat. Ann. § 9.109) and in particular an adjudication of the following questions:

a. Is it the duty under the law of the clerk of a board of county road commissioners to keep the records, accounts, and preserve the files of such road board?

b. Is a board of county road commissioners authorized to employ others than the county highway engineer, a road superintendent, and such servants or laborers as may be necessary in the construction or repair of roads, highways, bridges and culverts?

c. Is it the duty of the auditor general of the State of Michigan to formulate, prescribe and install a uniform system of accounting and reporting for such road board?

d. Is it mandatory for a board of county road commissioners before attempting to build, rebuild or repair roads and bridges to advertise for proposals for such work and file with the county clerk the plans, specifications, bids and reasons in writing for not letting such work by contract?

e. Is it mandatory that a board of county road commissioners determine that it is necessary or con-

venient for the proper carrying on of its work to purchase machines, tools, appliances and materials before any such purchase is made?

f. Have the county road commissioners of the county of Wayne any legal right or authority to act, or attempt to act, individually or collectively as a board of county park trustees?

g. Has a board of county road commissioners any right to take title in its name to real property acquired by it under the county road law?

It is the claim of plaintiff:

a. That it is the duty of the clerk to attend the meetings of said board and keep a record of all matters presented to the board and of all doings, proceedings and transactions of said board at such meetings, and of all receipts, disbursements and accounts presented to said board for its action at such meetings, and to keep the same in the manner, at the place and under the conditions determined and directed by said board, and to perform such functions by an extra deputy county clerk, as provided by statute, when in the opinion of the board the work is of sufficient volume to require the services of such an extra deputy county clerk, or personally or by a deputy county clerk designated by him and acting as his substitute.

b. That except as to such deputy county clerk acting as his substitute or such an extra deputy county clerk, the county clerk has no right or authority to appoint, designate, hire or employ any person to keep any such records, accounts or files of said board, or perform any work or service, clerical or otherwise, in connection with the business and operations of said board of county road commissioners.

The hearing upon the merits of the petitions for declaration of rights was before three circuit judges

sitting *en banc*. The court entered a declaratory judgment in favor of plaintiff's contention as to its power to hire all employees of the board and also determined that the board had power to employ attorneys and defined the duty of the prosecuting attorney in relation to the board. Other questions submitted by the parties were not passed upon. The county clerk alone has appealed and only those questions raised by the county clerk and the board of county road commissioners will be considered here.

The principal question presented calls for a determination of the rights and duties of the county clerk as clerk of the board of county road commissioners and of the rights of the board to hire certain employees. It arises out of 1 Comp. Laws 1929, § 3984, which provides:

"The clerk of the county shall be clerk of the board of county road commissioners, and shall keep the records and accounts of the board, and preserve its files in a manner directed by the board: *Provided, however*, That when, in the opinion of the board of county road commissioners, the work is of sufficient volume to require the services of an extra deputy county clerk, the salary of such clerk may be paid by the board of county road commissioners from the county road funds."

Owing to the fact that the section of the statute appertaining to the duties of the county clerk in his official connection with the board of county road commissioners is ambiguous and requires interpretation, we herewith restate some of the general rules of statutory construction.

In construing a statute we have in mind the principle of law that where there is no ambiguity, there is no room for construction. *Luyk* v. *Hertel*, 242 Mich. 445. But where there is need for construction, the

rule is announced in *City of Grand Rapids* v. *Crocker,* 219 Mich. 178, 182, where we said:

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole."

See, also, *Detroit Trust Co.* v. *Hartwick,* 278 Mich. 139.

And effect must be given, if possible, to every word, clause, and sentence of the statute, *Attorney General, ex rel. Zacharias,* v. *Board of Education of City of Detroit,* 154 Mich. 584; where the meaning is plain, practical construction will not be permitted to modify or destroy that meaning, *People, ex rel. Attorney General,* v. *Haggerty,* 167 Mich. 682. In construing a statute, we are to construe it in the light of the circumstances existing at the date of its enactment, not in the light of subsequent developments. As stated in 25 R. C. L. p. 959, § 215:

"There is always a tendency, it has been said, to construe statutes in the light in which they appear when the construction is given. It is easy to be wise after one sees the results of experience. The true rule is that statutes are to be construed as they were

intended to be understood when they were passed. Statutes are to be read in the light of attendant conditions and the state of the law existent at the time of their enactment. The words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted.''

But, as was said in *City of Grand Rapids* v. *Crocker, supra,* 183:

'' 'Effect to be given to true intent of act. Modification of language.—Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the meaning of the words, and even the structure of the sentence. This is done, sometimes, by giving an unusual meaning to particular words; sometimes by altering their collocation; or by rejecting them altogether; or by interpolating other words; under the influence, no doubt, of an irresistible conviction that the legislature could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention. The ascertainment of the latter is the cardinal rule, or rather the end and object, of all construction; and where the real design of the legislature in ordaining a statute, although it be not precisely expressed, is yet plainly perceivable, or ascertained with reasonable certainty, the language of the statute must be given such a construction as will carry that design into effect, even though, in so doing, the exact letter of the law be sacrificed, or though the construction be, indeed, contrary to the letter.' Endlich on the Interpretation of Statutes, § 295.''

In interpreting the statute before us we have in mind that a constitutional amendment was adopted in Michigan in 1893 (Const. 1850, art. 4, § 49) permitting the legislature to authorize the establishment of county road systems, and pursuant thereto the legislature passed Act No. 149, Pub. Acts 1893, section 9 of which provided:

"The clerk of the county shall be clerk of said board of county road commissioners, and shall keep the records and accounts of the board, and preserve its files in the manner directed by the board."

Wayne county adopted the county road system in 1906. In 1909, the legislature passed the general highway law (Act No. 283, Pub. Acts 1909) of which the county road law (chap. 4, *supra*) is a part. Section 9, chap. 4, *supra*, reenacted the above-quoted portion of the 1893 Act. This section was amended by Act No. 116, Pub. Acts 1919, by adding the following proviso:

"*Provided, however,* That when, in the opinion of the board of county road commissioners, the work is of sufficient volume to require the services of an extra deputy county clerk, the salary of such clerk may be paid by the board of county road commissioners from the county road funds."

At the present time a force of 40 or 50 people are required to care for adequately the office work in connection with the present operation of the Wayne county board of road commissioners.

Section 3984, 1 Comp. Laws 1929 (Act No. 283, Pub. Acts 1909, as amended [Stat. Ann. § 9.109]), provides that the board of county road commissioners shall be a body corporate with the right of using a common seal; and that the board shall act as an administrative board only. It is expressly provided

that the clerk of the county shall be clerk of the board and shall keep the records and accounts of the board and preserve its files in a manner directed by the board.

But in construing this section it becomes necessary to consider 1 Comp. Laws 1929, § 4000 (Stat. Ann. § 9.125), which provides:

"Accurate accounts shall be kept under the direction of the board of all money received and disbursed by it, and a full statement thereof together with a complete statement in detail, of all work done, right of way acquired, and road constructed by said board shall be made to the board of supervisors of the county at its annual meeting each year. The accounts of said board of county road commissioners shall be reported to and audited by the board of supervisors at each meeting thereof."

An examination of the entire county road law discloses no language which explicitly authorizes the county clerk to hire any employees for the county road system, nor does it provide for the payment of any employees hired by the county clerk. We also have in mind that the county clerk has no inherent or implied powers in connection with the county road system. The proviso in section 3984 provides that when work is of a sufficient volume in the opinion of the board to require the services of *an* extra deputy clerk, such clerk may be paid out of the county road funds and being designated as a deputy county clerk, it follows that the power to appoint such deputy clerk is in the county clerk, but this proviso only provides for the appointment of one deputy clerk. Moreover, section 4000 prescribes no duty in the clerk to keep any of the accounts mentioned in it. The board is made responsible for the keeping

of the accurate accounts and for the filing of the required statement with the board of supervisors.

In our opinion the county clerk by statute is made clerk of the board of county road commissioners. His appointing powers are limited to the appointment of one extra deputy clerk. We are in accord with the opinion of the trial court that it is the duty of the county clerk:

"To attend the meetings of said board and keep a record of all matters presented to the board and of all doings, proceedings and transactions of said board at such meetings, and of all receipts, disbursements and accounts presented to said board for its action at such meetings, and to keep the same in the manner, at the place and under the conditions determined and directed by said board, and to perform such functions by an extra deputy county clerk, as provided by statute, when in the opinion of the board the work is of sufficient volume to require the services of such an extra deputy county clerk, or personally or by a deputy county clerk designated by him and acting as his substitute."

Under the pleadings in this case it becomes necessary to determine the duties of the county clerk in relation with the so-called board of county park trustees.

Section 2398, 1 Comp. Laws 1929, as amended by Act No. 268, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 2398, Stat. Ann. § 5.2436), provides for the creation of a board of county park trustees and provides:

"In counties operating under the county road system, the board of county road commissioners is hereby designated and shall then act as the county park trustees. * * * In all counties of this State operating under the county road system when this act takes effect, the board of 'county park trustees' heretofore

appointed shall be immediately dissolved and cease to exist, and the board of county road commissioners shall take the place thereof and thereafter exercise the powers and perform the duties of the board of county park trustees, taking possession of all books, records and office equipment of such former board.''

Wayne county adopted the county road system in 1906, and in October, 1919, a board of county park trustees was established in accordance with the provisions of Act No. 90, § 6, Pub. Acts 1913. This act provided that the board of supervisors should ''appoint from their number a board of three members to be known and designated as 'county park trustees,' who shall have the management, control and expenditure of such funds when collected, and who shall hold in trust for the county, the title to any real estate so purchased or accepted by way of gift or devise for park purposes, and who shall supervise the improvement of any such property so purchased or accepted, as authorized by the board of supervisors.''

This act was amended by Act No. 36, Pub. Acts 1921, and Act No. 215, Pub. Acts 1923 (1 Comp. Laws 1929, § 2398). It is our opinion that when section 2398 was enacted, it was the intent of the legislature that in counties operating under the county road system, the board of county road commissioners should take the place, exercise and perform the powers and duties of the board of county park trustees. The act means what it says, i. e., the board of county park trustees as such ceases to exist. In view of our determination in this matter it follows that the county clerk shall perform such services in connection with this phase of the functions of the board of county road commissioners as he does with any other part of its work. Nor should title to property be taken in the name of a nonexisting board.

We are also asked to interpret section 19 of the county road law (1 Comp. Laws 1929, § 3994 [Stat. Ann. § 9.119]) which provides:

"In all cases involving the expenditure of an amount greater than five hundred dollars for the building, rebuilding or repairing of roads or bridges, the board of county road commissioners shall advertise for sealed proposals for such work. When roads of classes 'E,' 'F' or 'G' are to be constructed or improved, bids shall be advertised for and received on each of said types of construction. The board shall have the right to reject any and all bids, and may do the work by day labor, purchasing the necessary materials and employing the labor therefor: *Provided, however,* In case the board shall decide to do the work by day labor, the plans and specifications together with all bids received thereon, and the reason, in writing, for not letting the job by contract, shall be filed in the office of the county clerk."

The act means what it says, "In case the board shall decide to do the work by day labor, the plans and specifications together with all bids received thereon and the reason, in writing, for not letting the job by contract, shall be filed in the office of the county clerk."

The declaratory judgment as modified is affirmed. A public question being involved, no costs will be allowed.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.